UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNIVERSITY OF VERMONT STUDENTS FOR JUSTICE IN PALESTINE, <br>       Plaintiff, <br>       v. <br> THE UNIVERSITY OF VERMONT AND STATE AGRICULTURAL COLLEGE; and LINA BALCOM, UVM DIRECTOR OF STUDENT LIFE and JEROME BUDOMO, UVM ASSOCIATE DIRECTOR OF STUDENT LIFE, EACH IN THEIR OFFICIAL CAPACITIES, <br>       Defendants. | Civil Action No. 2:24-cv-978 |

**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF BY FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION**

Defendants University of Vermont and State Agricultural College, Lina Balcom, and Jerome Budomo, by and through their attorneys, Dinse P.C., oppose Foundation for Individual Rights and Expression's ("FIRE") Motion for Leave to File *Amicus Curiae* Brief. ECF No. 14. FIRE's proposed brief is irrelevant. It restates general principles of First Amendment law already addressed by the parties' briefing and takes no position on any issue in dispute or the application of First Amendment principles to Plaintiff's specific allegations. FIRE's purpose seems to be promoting its own interests rather than the ends of justice. There is no reason to allow FIRE to insert itself as a "friend of the Court" when its proposed brief does not provide any assistance.

# MEMORANDUM OF LAW

FIRE does not explain why this Court (or any trial court) should consider an amicus brief at this stage of litigation. Assuming *arguendo* that there are circumstances where an amicus brief would be accepted this early, the putative amicus must have "unique information or perspective that can help the court **beyond the help** that the lawyers for the parties are able to provide.'" *United States v. Hunter*, No. 2:97-CR-059, 1998 WL 372552, at *1 (D. Vt. June 10, 1998) (Sessions, J.) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.)) (emphasis added). FIRE's proposed brief does no such thing.

For instance, FIRE offers the undisputed principle that public universities must comply with the First Amendment, accompanied by a single-paragraph discussion of *Healy v. James*, 408 U.S. 169 (1972). *See* ECF No. 14-1, at 8-9. It provides a similar overview of the First Amendment's prohibition of viewpoint discrimination. *See id.* at 10 (quoting *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S 819, 829, 836 (1995)). FIRE also acknowledges the principle, central to Defendants' position, that "public university administrators may discipline" student organizations that "violate lawful school policies." *Id.* at 4.

FIRE does not, however, explore the First Amendment principles it claims to want to educate the Court about in any depth, nor does it meaningfully discuss how they interact with the particular facts of this case. Far from offering anything new, its proposed brief provides far shallower analysis than Defendants' written submissions. *See* Defs.' Opp. to Pl.'s Mot. for Prelim. Injunction, ECF No. 8, at 8-11; Defs.' Mot. to Dismiss, ECF No. 9, at 7-13; *see also Kearns v. Cuomo*, No. 1:19-cv-00902, 2019 WL 5060623, at *7 (W.D.N.Y. Oct. 9, 2019) (rejecting amicus curiae brief where defendants "competently and adequately briefed much of the same issues" in motion to dismiss and opposition to plaintiff's pending motion for

preliminary injunction). There is nothing in FIRE's proposed brief that the parties have not addressed, and it does not cite any reason why the Court is incapable of understanding and applying basic First Amendment doctrine to the issues raised in this litigation.

Indeed, FIRE's only request of this Court—that it "affirm the longstanding First Amendment protection afforded to student organizations to express viewpoints on a public university campus, free from censorship or coercion, regardless of any 'uncomfortable' feelings others experience as a result of organizations' protected speech," ECF No. 14-1, at 6—is **not** disputed. Defendants explicitly acknowledge that they may not limit speech "merely because it is controversial or provocative." Defs.' Opp. to Pl.'s Mot for Prelim. Injunction, ECF No. 8, at 8. Affirming something that is undisputed would serve no purpose.

In sum, FIRE's proposed brief neither provides this Court with any special perspective nor alerts this Court to any "relevant matters that the parties have not already addressed." *Entergy Nuclear Vt. Yankee, LLC v. Shumlin*, No. 1:11-cv-99, 2011 WL 1883040, at *3 (D. Vt. May 17, 2011) (observing that amicus curiae brief that does not serve this purpose "is not favored").

## CONCLUSION

FIRE's proposed brief does not serve the purpose of an *amicus curiae*. Defendants therefore ask the Court to deny FIRE's Motion for Leave to File *Amicus Curiae* Brief.

Dated at Burlington, Vermont this 30th day of October 2024.

/s/ Kendall Hoechst
Kendall Hoechst, Esq.
Dinse P.C.
209 Battery Street, P.O. Box 988
Burlington, VT  05402
(802) 864-5751
khoechst@dinse.com

Counsel for Defendants