```
                UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT
```

```
UNIVERSITY OF VERMONT          )
STUDENTS FOR JUSTICE IN        )
PALESTINE,                     )
                               )
     Plaintiff,                )
                               )
          v.                   )   Case No. 2:24-cv-978
                               )
THE UNIVERSITY OF VERMONT      )
AND STATE AGRICULTURAL         )
COLLEGE; and LINA BALCOM,      )
UVM Director of Student Life   )
and JEROME BUDOMO, UVM         )
Associate Director of Student  )
Life, each in their Official   )
Capacities,                    )
                               )
     Defendants.               )
```

## OPINION AND ORDER

Pending before the Court are motions submitted by two non-parties to intervene and/or to submit *amicus curiae* briefing. For the reasons set forth below, those motions (ECF Nos. 5, 14, and 21) are denied.

## I.  Motions filed by Tomas Zavalidroga

Tomas Zavalidroga, a resident of Manchester, Vermont, moves the Court for leave to intervene as a party to this case. Mr. Zavalidroga states that, as a member of the general public, he responded to invitations from Plaintiff University of Vermont Students for Justice in Palestine ("UVMSJP") to actively participate in the group's events and otherwise provide support. He also submits that he relied on the group for news and

information, and that his interests and those of UVMSJP "were intertwined." ECF No. 5 at 2.

This litigation, briefly stated, involves UVMSJP's claims that Defendants violated its constitutional rights by alleging violations of University of Vermont rules and policies, implementing an interim suspension, and initiating an internal investigation process. Mr. Zavalidroga does not assert that he was involved in any of the activities underlying the alleged constitutional violations. UVMSJP opposes the motion to intervene, arguing lack of injury.

Under Federal Rule of Civil Procedure 24(a)(2), a party may intervene as of right if he "(1) timely files an application, (2) shows an interest in the action, (3) demonstrates that the interest may be impaired by the disposition of the action, and (4) shows that the interest is not protected adequately by the parties to the action." *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992). Failure to satisfy any one of these requirements is sufficient to deny the application. *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001). Under Federal Rule of Civil Procedure 24(b)(1)(B), the Court may permit intervention by a party who makes a "timely motion" and "has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention is "within

the court's broad discretion." *Dorsett v. Cnty. of Nassau*, 289 F.R.D. 54, 70 (E.D.N.Y. 2012).

The Court agrees with UVMSJP that Mr. Zavalidroga lacks a sufficient interest or injury to qualify for either mandatory or permissive intervention.  The issues in this case center on a student organization and its constitutional rights.  Mr. Zavalidroga's rights are not at issue, and he asserts no claim that his rights were violated.  Consequently, his individual interests will not be either advanced or impaired by the disposition of this action.  *Kheel*, 972 F.2d at 485.  Similarly, Mr. Zavalidroga's motion shows no common question of either law or fact as required for permissive joinder.  His motion to intervene (ECF No. 5) is therefore denied.

Mr. Zavalidroga has also filed a motion for leave to file an *amicus curiae* brief.  "There is no right of nonparties generally to submit an *amicus* brief."  16A C. Wright & A. Miller, Federal Practice and Procedure § 3975, pg. 383 (2021).  Instead, "the *amicus* must file a motion for leave to file the brief" when consent cannot be obtained.  *Id.*  Here, both parties have informed the Court that they oppose Mr. Zavalidroga's motion.  ECF Nos. 22, 23.

District courts may reference the federal appellate rules governing *amici* practice.  *See, e.g.*, *Freed v. Thomas*, No. 17-cv-13519, 2018 WL 3848155 at *2 (E.D. Mich. Aug. 9, 2018).

Federal Rule of Appellate Procedure 29(b) requires proposed *amici* to show "the reason why an *amicus* brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed R. App. P. 29(b). Also, the *amicus* brief itself must accompany the motion for leave. Fed R. App. P. 29(a)(3).

Here, Mr. Zavalidroga has not attached a brief to his motion. Nor has he explained why such briefing would be desirable. In his reply to UVMSJP's opposition to his motion, Mr. Zavalidroga explains that he is "an authority on the topics of international law, constitutional law, educational law, current events and Middle East history," and has "first-hand knowledge of the facts of this matter." ECF No. 25. In their submissions to the Court to date, the parties have fully briefed the constitutional issues in question, and further briefing on those issues from a third party is not necessary. Legal expertise beyond the issues raised in UVMSJP's pleadings is equally unnecessary. Mr. Zavalidroga's motion for leave to file an *amicus* brief (ECF No. 21) is denied.

## II.  Motion for Leave to file *Amicus Brief* filed by Foundation for Individual Rights and Expression

Foundation for Individual Rights and Expression ("FIRE") also moves the Court for leave to file an *amicus* brief. FIRE submits that its brief would not favor either party, and "would be desirable and beneficial to this Court's understanding of how

the First Amendment protects student expression on public
university campuses from viewpoint discrimination, regardless of
whether it offends others on campus." ECF No. 14 at 3. UVMSJP
consents to the filing. Defendants have submitted an opposition
memorandum.

The Court acknowledges FIRE's interest in First Amendment
issues, as well as its work to protect the rights of students
and student organizations. *See* ECF No. 14-1 at 4. In this
case, however, the parties have fully briefed the constitutional
questions at issue, and FIRE's citation to general First
Amendment principles does not aid the Court's analysis. Indeed,
those principles are not disputed.

This Court has previously cited Judge Posner of the Seventh
Circuit on the role of the *amicus* brief:

> The term "*amicus curiae*" means friend of the court,
> not friend of a party.... An *amicus* brief should
> normally be allowed when a party is not represented
> competently or is not represented at all, when the
> *amicus* has an interest in some other case that may be
> affected by the decision in the present case ..., or
> when the *amicus* has unique information or perspective
> that can help the court beyond the help that the
> lawyers for the parties are able to provide.

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063
(7th Cir. 1997) (cited in *United States v. Hunter*, No. 2:97-CR-
059, 1998 WL 372552, at *1 (D. Vt. June 10, 1998)). Here, both
parties are represented by competent counsel. FIRE cites no
other case that would be affected by a decision in this

5

litigation, and offers no unique perspective or information beyond what has been provided by the parties' thorough briefing on all pending motions.  FIRE's motion for leave to file an *amicus* brief (ECF No. 14) is therefore denied.

## III. Conclusion

For the reasons set forth above, the pending motions to intervene (ECF No. 5) and for leave to file *amicus* briefing (ECF Nos. 14, 21) are denied.

DATED at Burlington, in the District of Vermont, this 17th day of December 2024.

<u>/s/ William K. Sessions III</u>
Hon. William K. Sessions III
U.S. District Court Judge